# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| PATRICK JAMES, SR., | |
| Plaintiff, | No. 15 cv 62 EJM |
| vs. | ORDER |
| CEDAR RAPIDS, CITY OF, GRANT RASMUSSEN, and BRUCE PAYNE, | |
| Defendants. | |

Before the court is defendants' resisted motion for summary judgment, filed June 3, 2016. Denied as to the two individual defendants. Granted as to defendant City of Cedar Rapids (City.)

Plaintiff Patrick James, Sr., was the subject of a wrongful arrest, including a forceful handcuffing, arising from mistaken identity between Patrick James, Sr. and Patrick James, Jr. by two City police officers at the James' family home in Cedar Rapids on January 29, 2014. He now seeks redress under 42 U.S.C. § 1983 for the deprivation of his constitutional rights, alleging use of excessive force and lack of probable cause for the arrest. Jurisdiction under 28 U.S.C. §1331.

Defendants move for summary judgment under F.R.Civ.P. 56 on grounds that (1) there is no genuine question of material fact and that the police officers did not use excessive force, (2) there is no genuine question but that although the two police officers did mistake the identity of plaintiff, it was a legally reasonable mistake, (3) there is no

1

genuine question but that qualified immunity applies here for the officers, and (4) there is no legal theory supported by the record under which the City is liable under 42 U.S.C. §1983.

Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..." Collates Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). "In the language of the rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 106 S.Ct. at 1356; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510 (1986).

The plaintiff's Complaint alleges two causes of action; (1) Count I, use of excessive force, and (2) Count II, no probable cause for the arrest. The individual defendants make claims for summary judgment against both causes of action, and also on their affirmative defense of qualified immunity. The City moves for summary judgment as a matter of law.

First, the court examines the individual defendants' claim for summary judgment against plaintiff's cause of action in Count I for use of excessive force. The court has examined the moving and resisting papers from both sides, and finds that there is evidence on both sides of this question and therefore there is a genuine question of material fact which only a trial can properly determine as to whether the force used under the circumstances was excessive or not, given the forceful handcuffing and the extent of

the resulting injury. Wilkens v. Gaddy, 559 U.S. 34 (2010); Blazek v. City of Iowa City, 761 F.3d 920 (8th Cir. 2014.)

Second, the court examines defendants' claim for summary judgment against plaintiff's cause of action in Count II that there was no probable cause for the arrest. Basically, defendant police officers saw an outstanding warrant for "Patrick James, Jr." in their car. They went to the front door, asked plaintiff's daughter Leah James for "Patrick James," and were told that he was in, with the daughter indicating plaintiff Patrick James, Sr. Defendant police officerss claim that under these circumstances, there is no question but that given the response by the daughter, and that they had no cause to disbelieve that Patrick James, Sr. was the man identified in the warrant, they acted reasonably, and with what they reasonably believed was probable cause to arrest. However, plaintiff states that the warrant viewed by the officers in their car identified the subject as a 20 year old man (plaintiff was 45) and had a picture of the subject. Defendant Officer Payne admitted in his deposition that they had not thoroughly reviewed the warrant before arresting and handcuffing the plaintiff. This creates a genuine question of material fact as to whether the police officers had acted sufficiently diligently and reasonably in conducting and concluding their investigation that led to their belief that they had probable cause to arrest the right person.

Third, regarding the individual defendants' motion for summary judgment on their affirmative defense of qualified immunity, in order to enjoy qualified immunity, the officers must have been acting reasonably under the circumstances. Pearson v. Callahan, 555 U.S. 223, 236 (2009); also Blazek, supra. The same questions about the officers' reasonableness discussed above also create a question of fact as to whether they were

acting reasonably for purposes of qualified immunity. Blazek, supra. The officers plead that "it is undisputed that Plaintiff's arrest was interrupted as soon as [the officers] learned that Plaintiff was not the intended arrestee." Def.'s Brief, p. 11. Maybe; but this still leaves the question of whether the officers were reasonable in starting the arrest of plaintiff in the first place, since the warrant information sent to them over their car radio/computer contained a description and picture which were not read but which would have avoided the arrest if they had been. The clearly established constitutional right which was allegedly violated was plaintiff's right not to be arrested without probable cause. Habinger v. City of Fargo, 80 F.3d 289 (8th Cir. 1995.)

Fourth, and lastly, as to the City's claim for summary judgment, the only legal theory on which liability against the City is alleged is Respondeat Superior, which does not apply in section 1983 cases. Hollingsworth v. City of St. Ann, 800 F.3d 985 (8th Cir. 2015.) "A municipality cannot be held vicariously liable under 42 U.S.C. §1983 for its' employees unconstitutional acts." Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978.) The claims under sections 7 and 8 of the Iowa Constitution fail because it is well established that there is no private cause of action under these sections. Davis v. Simmons, 100 F.Supp.3d 723 (S.D. IA 2015); Conklin v. State, No. 14-0764, 2015 WL 1332003 (Iowa Ct. App., March 25, 2015.)

Therefore, there are genuine questions of material fact as to the liability of the two individual police officer defendants. There is no genuine question of material fact as to whether the City is liable, as a matter of law.

It is therefore

ORDERED

Denied as to the two individual defendants.   Granted as to City.   Judgment for defendant City.

July 19, 2016

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT