UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PATRICK JAMES, SR., <br><br> Plaintiff, <br><br> vs. <br><br> GRANT RASMUSSEN and BRUCE PAYNE, <br><br> Defendants. | No. 15 cv 62 EJM <br><br> ORDER |

Before the court is defendant police officers' resisted motion to correct and reconsider the court's Order of July 16, 2016 (Order), filed July 27, 2016. Denied.

The Order granted in part and denied in part defendants' motion for summary judgment. The court construed the record in the light most favorable to the resisting party as it must for the limited purposes of the summary judgment motion, Matsushita Elec. v. Zenith Radio, 475 U.S. 574 (1986); Sprenger v. Fed. Home Loan Bank, 253 F.3d 1106, 1110 (8th Cir. 2001.) In this context, the court found that there was some evidence that the police officers had access to information on the subject of the warrant, Patrick James, Jr., which if fully considered might have avoided the mistaken identity that led to the arrest and handcuffing of Patrick James, Sr. The court referred to evidence that included the subject's name (Patrick James, Jr.), age, description, and picture, which were all different from that of Patrick James, Sr., the person actually arrested. Defendants now state that in fact there was a picture, but that it was not included in the

1

warrant. Plaintiff contends it was or might have been available on the in-car computer system. See pp. 2, 4 of Brief; p. 1 of Resistance brief; Rassmussen Dep. 30:16-31:11; Dep. Ex. 1, pp. 2-3. It matters not for purposes of the partial denial of the summary judgment motion. There is clearly a question of material fact here. In addition, with or without a picture accompanying the warrant, there is sufficient evidence on both sides of the question of whether the officers acted reasonably in accessing all available information and properly reviewing the warrant before deciding to arrest Patrick James Sr., to deny defendants' summary judgment motion in that regard and proceed to trial on this question. All facts concerning what information the police officers had access to, what information they actually reviewed, the circumstances surrounding the arrest and handcuffing of plaintiff, and whether excessive force was used, shall be determined at trial.

It is therefore

ORDERED

Denied.

August 3, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT