IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PATRICK JAMES, SR., <br><br> Plaintiff, <br><br> vs. <br><br> GRANT RASMUSSEN and BRUCE PAYNE, <br><br> Defendants. | No. C15-0062 <br><br> FINAL JURY INSTRUCTIONS |

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions — the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all instructions, no matter when I give them.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else. All persons stand equal before the law, and are to be dealt with as equals in a court of law.

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## FINAL INSTRUCTION NO. 1

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

# FINAL INSTRUCTION NO. __2__

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## FINAL INSTRUCTION NO. 3

You have heard testimony from persons described as experts. Persons who have become experts in a field because of their education and experience may give their opinion on matters in that field and the reasons for their opinion.

Consider expert testimony just like any other testimony. You may accept it or reject it. You may give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

# FINAL INSTRUCTION NO. __4__

## *Wrongful Arrest*

Plaintiff Patrick James, Sr. claims he was wrongfully arrested by Defendants Grant Rasmussen and/or Bruce Payne on January 29, 2014. Defendants deny this claim. Your verdict must be for Plaintiff and against one or both Defendants on Plaintiff's wrongful arrest claim if all the following elements have been proved:

**First,** Rasmussen and/or Payne arrested James; and

**Second,** Rasmussen's and/or Payne's mistaken belief that James was the person named in the arrest warrant was not reasonable; and

**Third,** as a direct result, James was damaged.

If any of the above elements has not been proved, then your verdict must be for the Defendants.

Regarding the first element, "arrest" means taking a person into custody. It includes restraint or detention of the person or his submission to custody.

Regarding the second element, in determining whether the officers' mistake was reasonable, you must consider the totality of the circumstances surrounding the arrest. You may consider: what detail was, or was not, set forth in the warrant information; the circumstances surrounding how James was summoned to the door; the way in which James was identified to the officers; and any other facts or circumstances you find are relevant to the issue. You must consider what a reasonable officer would have done at the time, without the benefit of hindsight.

Regarding the third element, the conduct of a party is a direct result of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. When the fault of two or more separate parties is so related to an event that their combined fault, when viewed as a whole, is the cause of the event without which the event would not occur, then the fault of each party may be a cause.

# FINAL INSTRUCTION NO. 5

## *Excessive Force*

Plaintiff Patrick James, Sr. claims Defendants Grant Rasmussen and/or Bruce Payne used excessive force against him on January 29, 2014. Defendants deny this claim. Your verdict must be for Plaintiff and against one or both Defendants on Plaintiff's excessive force claim if all the following elements have been proved:

**First,** Rasmussen and/or Payne used physical force in taking James into custody; and

**Second,** the force used was excessive because it was not reasonably necessary to take James into custody; and

**Third,** as a direct result, James was injured.

If any of the above elements has not been proved, then your verdict must be for the Defendants.

Regarding the second element, in determining whether the force, if any, used to take James into custody was "excessive," you may consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted, if any; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.

An officer's personal intentions are not relevant. You must decide whether the officer's actions were reasonable in light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.

You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing. The mere fact an injury occurred does not necessarily mean excessive force was used.

Regarding the third element, the conduct of a party is a direct result of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. When the fault of two or more separate parties is so related to an event that their combined fault, when viewed as a whole, is the cause of the event without which the event would not occur, then the fault of each party may be a cause.

# FINAL INSTRUCTION NO. 6

## *Compensatory Damages*

If you find in favor of James on either his wrongful arrest or his excessive force claim, then you must award him an amount of money that will fairly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the wrongful arrest or use of excessive force. The conduct of a party is a direct result of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. When the fault of two or more separate parties is so related to an event that their combined fault, when viewed as a whole, is the cause of the event without which the event would not occur, then the fault of each party may be a cause.

You should consider the following elements of damages:

1. The physical pain and mental or emotional suffering he has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent, and whether any resulting disability is partial or total; and

2. The reasonable value of the medical care and supplies reasonably needed by and actually provided to James.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy. In arriving at an item of damage, you cannot arrive at a figure by taking down the estimate of each juror as to an item of damage, and agreeing in advance that the average of those estimates shall be your item of damage.

If you find in favor of James but you find that his damages have no monetary value, then you must return a verdict for James in the nominal amount of One Dollar ($1.00).

# FINAL INSTRUCTION NO. 6A

If James, Sr. had diabetes making him more susceptible to injury than a person in normal health, then Defendants are responsible for all injuries and damages which are experienced by James, Sr. that are caused by Defendants' actions, even though the injuries claimed produce a greater injury than those which might have been experienced by a normal person under the same circumstances.

If you find James, Sr. had a degenerative condition in his right shoulder before this incident and this condition was aggravated or made active by this incident causing further suffering or disability, then he is entitled to recover damages caused by the aggravation. He is not entitled to recover for any physical ailment or disability which existed before this incident or for any injuries or damages which he now has which were not caused by Defendants' actions.

# FINAL INSTRUCTION NO. 7

## *Punitive Damages*

In addition to the compensatory damages mentioned in Instruction No. 6, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of James on either his wrongful arrest or excessive force claims, and if it has been proved that the conduct of Rasmussen and/or Payne was malicious or recklessly indifferent to James' Constitutional rights, then you may, but are not required to, award James an additional amount of money as punitive damages for the purposes of punishing Rasmussen and/or Payne for engaging in misconduct and discouraging them and others from engaging in similar misconduct in the future. You should presume that James has been made whole for his injuries by the damages awarded under Instruction No. 6.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible Rasmussen's and/or Payne's conduct was. In this regard, you may consider whether the harm suffered by James was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether Rasmussen's and/or Payne's conduct that harmed James also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed James.

2. How much harm Rasmussen's and/or Payne's wrongful conduct caused James and could cause the plaintiff in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Rasmussen's and/or Payne's financial condition, to punish

(CONTINUED...)

## FINAL INSTRUCTION NO. 7 (Con't.)

Rasmussen and/or Payne for his wrongful conduct toward James and to discourage Rasmussen and/or Payne and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to James.

You may award punitive damages against either or both defendants or you may refuse to award punitive damages. If punitive damages are awarded against more than one defendant, the amounts awarded against those defendants may be the same or they may be different.

# FINAL INSTRUCTION NO. 8

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges - judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.