IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

PATRICK JAMES, SR.,

    Plaintiff,

vs.

GRANT RASMUSSEN, individually and as a Police Officer for the City of Cedar Rapids, Iowa; and
BRUCE PAYNE, individually and as a Police Officer for the City of Cedar Rapids, Iowa,

    Defendants.

No. C15-0062

ORDER FOR ATTORNEY FEES

This matter comes before the Court on the Application for Attorney's Fees and Expenses (docket number 69-1) filed by the Plaintiff on November 17, 2016, the Resistance (docket number 71) filed by Defendant Bruce Payne on December 5, and the Reply (docket number 72) filed by the Plaintiff on December 12.[1] Pursuant to Local Rule 7.c, the application will be decided without oral argument.

## I. BACKGROUND

On July 16, 2015, Plaintiff Patrick James, Sr. sued the City of Cedar Rapids, Grant Rasmussen, and Bruce Payne pursuant to 42 U.S.C. § 1983, claiming wrongful arrest and the use of excessive force. The City of Cedar Rapids was dismissed on summary judgment. Following a trial, the jury found in favor of Rasmussen on both claims and against Payne on both claims. The jury awarded damages totaling $30,000.

---

[1] The Court notes parenthetically that the Application for Attorney's Fees was filed with Plaintiff's Bill of Costs. Pursuant to Local Rule 54, the Bill of Costs was addressed by the Clerk of Court. *See* docket number 74.

Plaintiff's counsel now seeks an award of attorney fees and expenses pursuant to 42 U.S.C. § 1988(b). Defendants concede that James was the prevailing party in his claims against Payne and is entitled to recover reasonable attorney fees. Payne argues, however, that the fees and expenses claimed by James ($207,929.52) are excessive. In his resistance, Payne suggests James should recover for 258.46 hours at a reasonable hourly rate.

## *II. DISCUSSION*

The methodology to be employed in awarding attorney fees in a fee-shifting case such as this was described by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). As later explained in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986), the Court in *Hensley* "adopted a hybrid approach that shared elements of both *Johnson* and the lodestar method of calculation." The "starting point" for determining a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "The resulting product *is presumed* to be the reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984). *See also Delaware Valley*, 478 U.S. at 564. That does not, however, "end the inquiry." The Court may then adjust the fee upward or downward depending on a variety of factors, including those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *Hensley*, 461 U.S. at 434-35. As the Court noted in *Delaware Valley*, however, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." 478 U.S. at 564.

---

[2] The 12 factors are: (1) the time and labor require; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

2

Here, James' attorney avers that he expended 560.25 hours in prosecuting this claim, itemized as follows:

| drafting of pleadings, motions, and briefs | 112.25 |
|---|---|
| legal research | 64.25 |
| investigation | 51.75 |
| interviewing | 20.75 |
| trial preparation | 264.00 |
| trial | 47.25 |
| TOTAL | 560.25 |

*See* Plaintiff's Exhibits A-F (docket numbers 69-3 through 69-8).

A party is not entitled to recover attorney fees on a "distinctly different claim" in which he was unsuccessful. *Hensley*, 461 U.S. at 434. However, those claims "are unlikely to arise with great frequency." *Id.* at 435. More often, a "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." That is, those hours expended by James' attorney which are devoted to the "litigation as a whole" are compensable, even though the claims against the City of Cedar Rapids and Rasmussen were unsuccessful. In other words, only time spent *exclusively* on the claims against the City and Rasmussen are not compensable.

In his application for fees, James concedes that "the estimated ten hours he spent exclusively litigating the Monell claim against the City of Cedar Rapids should be excluded from the fee award."[3] In addition, "Plaintiff has agreed to reduce the fee request by the

---

[3] James' Brief (docket number 69-2) at 8.

3

estimated fifty hours of time spent exclusively pursuing against Defendant Rasmussen."[4] (In his affidavit, Mr. O'Brien states that 40 hours were spent "exclusively pursuing the claim against Rasmussen.")

Plaintiff's counsel works exclusively on a contingent fee basis. Accordingly, he does not keep his time using a conventional method. The methodology employed by Plaintiff's counsel is described in the reply brief as follows:

> Because Plaintiff's counsel does no hourly work he does not have an expensive time and billing software system. Instead, Plaintiff's counsel electronically saves documentation of work performed in separate folders, along with the amount of time it took to complete the task, but does not fill out the detail of the work performed until later, if necessary. A review of the documentation makes it easy to later identify the detail of the work performed. This is contemporaneous record keeping.

Plaintiff's Reply Brief (docket number 72) at 3-4. I believe this is an unreliable way to accurately record the time expended. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hour rates . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.

In reviewing the itemizations submitted by James in support of the application for attorney fees, I believe the number of hours expended was excessive. Plaintiff concedes the hours expended by his attorney are "considerably more than typical," but attributes that to Defendants' aggressive litigation strategy. The facts in this case were not complicated. James' claims were based on a single incident which lasted only a few minutes. Certainly additional investigation was required regarding the background of the two officers involved, policies of the Cedar Rapids Police Department, and the nature and extent of James' injury, but it cannot be said that this case was factually complex. Similarly, I do

---

[4] *Id.*

4

not believe the legal issues raised in this case were particularly unique or difficult. The law regarding wrongful arrest and the use of excessive force is fairly well established.

Furthermore, many of the time entries are cryptic, thereby making it difficult to determine if they were reasonably necessary, or are otherwise nonsensical. For example, on January 20, 2016, Plaintiff's counsel expended 6.5 hours to, among other things, "prepare rules of the road questions and reptile questions." *See* Exhibit N (docket number 69-16) at 2. The time identified for many other entries, which was kept in quarter-hour increments, also appears excessive.

According to the documentation submitted in support of the application for attorney fees, James' attorney expended 560.25 hours in prosecuting this action. James concedes, however, that approximately 60 hours were spent exclusively on his unsuccessful claims against the City of Cedar Rapids and Rasmussen. Accordingly, James asserts his attorney should be compensated for 500.25 hours. As set forth above, I believe the time spent on this relatively straightforward case is excessive, and a 30% reduction is appropriate. After that reduction, I find that 350.18 hours are compensable.

Next, the Court must determine a reasonable hourly rate. "[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult." *Blum*, 465 U.S. at 495, fn. 11. "Where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award." *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988). In his amended affidavit, however, Mr. O'Brien states that he does not have a standard hourly fee "since all my cases, including this one, are handled on a contingency basis."[5] Rather, Plaintiff submitted the affidavits of prominent Plaintiff's attorneys giving their opinions on an appropriate hourly rate. According to those attorneys, an appropriate rate is between $350 and $450 per hour. In response, Defendant submitted the affidavits of experienced defense counsel

---

[5] Amended Affidavit of David A. O'Brien (docket number 69-11) at 2, ¶ 7.

5

regarding their opinions on an appropriate hourly rate. Those amounts range from $150 to $225 per hour.

Plaintiff's attorney is an experienced and well-respected trial lawyer. Mr. O'Brien has a particular specialty in civil rights actions, including claims against law enforcement officers.[6] After considering the affidavits submitted by counsel, and with the Court's own knowledge regarding the market for legal services in this area, I believe reasonable compensation is at the rate of $300 per hour. Accordingly, the Court finds the lodestar attorney fee in this case is $105,054.

I have considered whether any adjustment upward or downward from the lodestar is appropriate in this case. I have specifically considered the 12 *Johnson* factors. Most of the factors identified in *Johnson* were considered by me in determining the appropriate lodestar. I find that no adjustment is required.

In summary, I conclude Plaintiff is entitled to attorney fees in the amount of $105,054. Plaintiff's costs have previously been taxed by the Clerk of Court. *See* docket number 74.

### III. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Attorney fees (docket number 69-1) is **GRANTED** as follows: Judgment will enter in favor of Plaintiff Patrick James, Sr. and against Defendant Bruce Payne for attorney fees in the amount of One Hundred Five Thousand Fifty-Four Dollars ($105,054.).

DATED this 22nd day of December, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[6] As noted by Defendants, Mr. O'Brien's substantial experience in this area cuts against Plaintiff's argument that an extraordinary number of hours were required to prosecute the action.